IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CARLOS A. MARTINEZ SERRANO,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

CIVIL NO. 07-1576 (JAG)
Criminal No. 04-22 (JAG)
Criminal No. 04-23 (HL)
Criminal No. 04-24 (HL)

**REPORT AND RECOMMENDATION**

**INTRODUCTION**

Above petitioner Carlos A. Martínez-Serrano (hereinafter "Martínez-Serrano") was convicted and sentenced for a violation of the Controlled Substance Act, in Count Three of Criminal No. 04-22, related with a conspiracy to possess with intent to distribute fifty (50) grams or more of cocaine base, a violation of Title 21, United States Code, Section 846. In Criminal No. 04-23, petitioner pleaded guilty to Count One which charged a conspiracy with intent to distribute one hundred (100) grams or more of heroin and to Count Two, possession of a firearm in relation with a drug trafficking offense, a violation of Title 18, United States Code, Section 924(c). Also, petitioner pleaded guilty in Criminal No. 04-24 which charged him in Count One with a conspiracy with intent to distribute one half of a kilogram of heroin, also a violation to Title 18, United States Code, Section 846.

Petitioner Martínez-Serrano was sentenced jointly, as to each of the drug charges in Criminal No. 04-22, Criminal No. 04-23 and Criminal No. 04-24, to eighty four (84) months concurrent, and consecutive to the sentence of sixty months (60) for the firearm charge in Count Two of Criminal No. 04-23, as required by statute, for a total of one hundred and forty four (144) months of imprisonment.

Petitioner filed a motion and affidavit in support of a Title 28, United States Code, Section 2255, seeking to vacate the conviction and sentence after entering into a plea agreement for above captioned three (3) criminal cases. Petitioner Martínez Serrano claims ineffective assistance of counsel for having been pressured to enter a guilty plea to the firearm count. Petitioner submits counsel mischaracterized to him the true consequences of the sentence to mislead him and exerted illegal pressure through third parties, including his wife. (**Civil No. 07-1576, Docket No. 1**).

On December 21, 2007, the government filed its opposition to petitioner's request for post-conviction relief arguing petitioner Martínez Serrano had previously attempted to obtain new legal representation. (**Civil No. 07-1576, Docket No. 9**).

The Section 2255 petition was referred to this Magistrate Judge for report and recommendation. (**Id., Docket Nos. 10, 11).**

As explained below, a review of the record shows that it is devoid of facts to support petitioner's claims of coercion to pleading guilty, as well as to petitioner's claim of not understanding the elements of the firearm offense charged in Count Two.

## LEGAL ANALYSIS

**I.      Elements of the Firearm Offense.**

In his direct appeal, petitioner Martínez-Serrano raised again a concern as to the voluntariness of the plea and that his counsel failed to duly explain to him the charge. The Court of Appeals for the First Circuit discussed the factual statement by petitioner Martínez Serrano at the change of plea hearing. Petitioner well knew that a co-defendant was carrying a firearm and petitioner asked him to pull out his firearm and to keep it available as they were leaving the scene with the heroin. Thus, petitioner Martínez Serrano well knew to a practical certainty about the co-defendant having a firearm at the time of departure with the heroin. Insofar as Martínez Serrano's arguments to the Court of Appeals that he was required by law to know about his co-defendant's possession of a firearm before initiation of the drug trafficking offense, it was determined facts supported by the evidence and by petitioner's admissions could easily support a guilty plea for aiding and abetting carriage of a weapon during and in relation to a drug trafficking crime. *See* United States v. Carlos A. Martínez-Serrano, Nos. 04-2189, 2191, 2200, slip op. (1st Cir. Feb. 23, 2006).

In addition, in attempting to withdraw his plea and as argued to the Court of Appeals, petitioner also claimed he did not understand the weapon charge. The Appeals Court found that indeed petitioner Martínez-Serrano understood the firearm charge, he simply did not think the law should be as it is. Thus, when entering the plea of guilty to the firearm offense, Martínez Serrano understood what was essential, to wit, that he could be found guilty of carrying a firearm during and in relation to a drug trafficking offense if he had asked a co-defendant to pull

Carlos A. Martínez Serrano v. United States
Civil No. 07-1576
Report and Recommendation
Page No. 4

out a gun while the two were engaged in transporting heroin. The only item the Court of Appeals considered not ripe for adjudication was a claim that the defense attorney had failed to explain the charge adequately because it was premised on an ineffective assistance claim that was based on facts not contained on the direct appeal record. The Court of Appeals for the First Circuit reiterated that, as it had indicated previously in United States v. Negrón Narváez, 403 F.3d 33, 40 (1st Cir. 2005),[1] fact-specific claims of ineffective assistance cannot make their debut on direct review of criminal convictions, but, rather, must originally be presented to, and acted upon by, the trial court. See United States v. Mala, 7 F.3d 1058, 1063 (1st Cir. 1993).

Although petitioner now has attempted to sustain the claim of ineffective assistance of counsel with a statement of having witnesses, including his wife and other cell inmates, he decided to withhold their names until he would forward them to the court in a sealed motion.[2] As such, their identities nor the content of their testimonies, which may support petitioner's claims, were not made available to this Magistrate Judge. See Bassett v. Thompson, 915 F.2d 932, 940 (4th Cir. 1990) (finding *habeas* petitioner cannot prove ineffective assistance claim on general allegation without proffer of testimony of witnesses).

---

[1] In Negrón-Narváez, defendant at the plea colloquy initially reiterated his innocence as to the firearm. After consultation with counsel and additional explanation by the court as to the elements of the offense, where actual possession of the gun was not an element and he could be found guilty if his co-defendant deposited the firearm in the vehicle, which Negrón-Narváez knew was in the car, his guilty plea was entered. These statements at the plea colloquy were not considered coerced and were deemed sufficient to allow the court to accept his plea, which admissions thereafter were sufficient to support the requisite factual basis. Negrón-Narváez, 403 F.3d at 39.

[2] Neither would claims prosper that counsel's inadequate investigation was ineffective for failure to present testimonies or interview witness at trial absent a proffer of the specific testimony or other evidence that could have been presented.

Carlos A. Martínez Serrano v. United States
Civil No. 07-1576
Report and Recommendation
Page No. 5

     A petitioner does not have a constitutional right under the Sixth Amendment to compulsory process to testify at a post-conviction proceedings, more so since said proceedings are considered civil in nature. Thus, if herein petitioner had any witnesses to establish the claim raised, he should place the court on at least a minimum notice as to their availability to testify, the extent of their testimonies or even a short proffer of same. Hilton v. Braunskill, 481 U.S. 770, 775-76, 107 S.Ct. 2113 (1987). If the need to secure the testimony of a prisoner is established, the court may issue a *writ of habeas corpus ad testificandum*, as the method to obtain the presence of incarcerated individuals. Still, a court may need to consider the difficulties to secure a prisoner's testimony and the actual need for such testimony.[3] Unsupported and conclusory claims are not deemed sufficient to enforce this mechanism. 39 *Am. Jur.2d Habeas Corpus § 7 -Obtaining production of prisoners as witnesses or for trial* (2008). *See* Oken v. Warden, 293 F.3d 86 (1st Cir. 2000).

     Under the above factual scenario, we are now to discuss the ineffective assistance of counsel claimed by petitioner Martínez-Serrano.

## II. Ineffective Assistance of Counsel.

     The standard used to determine whether counsel's assistance was effective is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial [could not have] produced a just result. *See* Strickland v. Washington, 466 U.S. 668, 686, 104 S.Ct. 2052 (1984). Petitioner must prove the following: (1) counsel's performance was

---

[3] Porcaro v. United States, 832 F.2d 208 (1st Cir. 1987) (petitioner should, at a minimum, have contacted witnesses, asked them to file affidavit, and if they refused but indicated they could provide useful information if subpoenaed, stated in affidavit details of both their refusal and information they had indicated they could furnish). Petitioner Martínez Serrano did none of the these efforts, not even as to the testimony of his wife, which may have been easily available.

deficient, and (2) counsel's deficiency was prejudicial. *Id. at 687.* Counsel's performance is said to have been deficient if it fell below an objective standard of reasonableness. *Id. at 688.* To demonstrate prejudice, petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id. at 694.* However, because both prongs must be proven, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. *Id.*

The main claim regarding ineffective assistance of petitioner's trial counsel, which supposedly reflect on the lack of voluntariness of petitioner's guilty plea to the firearm charge, is that counsel exerted undue pressure to seek the acceptance of the guilty plea and mischaracterized the seriousness of the sentence exposure petitioner Martínez Serrano would be facing for which the legal advise was inadequate. On this occasion, contrary to his submission on direct appeal, petitioner does not refer solely as to Count Two, but as to all counts.

The record shows petitioner Martínez Serrano's plea agreement with the government allowed him to receive concurrent sentences for three (3) separate drug trafficking offenses related to crack cocaine and heroin as submitted in three (3) separate indictments. The firearm offense in Count Two in Criminal No. 04-24 statutorily requires the sentence to be imposed in a consecutive mode. Plea bargaining flows from "the mutuality of advantage to defendants and

prosecutors, each with his own reasons for wanting to avoid trial". <u>United States v. Yeje-Cabrera</u>, 430 F.3d 1, 25 (1st Cir. 2005) (quoting <u>Brady v. United States</u>, 397 U.S. 742, 752, 90 S.Ct. 1463 (1970)).

## A. Understanding and Knowledge of the Plea.

Petitioner's main contention is that counsel's ineffectiveness resulted in a non-voluntary plea to the firearm offense, in particular.

Reference to the available criminal record, including the transcripts of the Rule 11 and the sentencing hearing, shows the district court held a hearing on April 20, 2004, as to petitioner Martínez Serrano's request for new counsel. Although petitioner claimed not having seen the evidence the government had against him, he thereafter admitted his counsel had indeed shown him the videos. Martínez Serrano indicated to the court he felt coerced to plead guilty. Counsel clarified he had merely explained to petitioner all the possible sentences, from the minimum to the maximum, that Martínez-Serrano would be exposed in the event of a conviction to all the three (3) criminal cases. Having examined the situation presented, the district court then denied the motion to withdraw counsel and allowed petitioner Martínez-Serrano a recess so that he would have time to consider if he wanted to accept or not the government's plea offer or otherwise exercise the right to go to trial. While the government had offered a sentence for the three (3) pending criminal charges which entailed approximately eleven (11) years (144- one hundred forty four months), exposure, if convicted after a trial, as to just one of the cases, he

could have been exposed to over three hundred (300) months of incarceration. Petitioner Martínez Serrano also received under the plea agreement further sentence considerations by lowering the sentence guideline calculations as a minor participant and for acceptance of responsibility.[4]

A review of the record shows petitioner Martínez-Serrano showed at district level some confusion regarding the exposure for the firearm offense. The court then explained to petitioner the elements of the conspiracy and provided him with an extended break so that he could further confer with his counsel. Later that day, petitioner Martínez-Serrano entered into a plea agreement and the court entertained the Rule 11 hearing.

During the plea colloquy, the court addressed Martínez-Serrano personally as to whether he was then satisfied with his counsel and he answered in the affirmative. Petitioner Martínez Serrano indicated, to the court's questions, he was not coerced, threatened nor intimidated into pleading guilty. *Transcript dated 2-20-2004, pp. 4-5.* Petitioner was at the time a twenty-six (26) year old individual with two (2) years of college education, who was a municipal police officer. *Id. pp. 3-4.*

Petitioner Martínez Serrano answered in the negative to questions by the court at the Rule 11 hearing of whether he had been threatened or intimidated for pleading guilty. *Id. p. 5.* Petitioner admitted that his signature was on the written plea agreement, as well as having discussed the content of said document with his counsel in the Spanish language. *Tr. pp. 6-7.*

---

[4] After trial, the factors that may have indicated leniency as consideration for the guilty plea are no longer present. *See* Alabama v. Smith, 490 U.S. 794, 801, 109 S.Ct. 2201 (1989) (citing Brady v. Maryland, 397 U.S. 742, 752 (1970)).

The court explained those counts as to which petitioner had agreed to plead guilty, including the firearm charge under Section 924(c). The court reiterated that, during the morning hours, it had further explained to petitioner the elements of the conspiracy and of carrying of a firearm by a co-conspirator, which was imputed also to petitioner Martínez Serrano. *Id. p. 8.* The court also explained to petitioner the offenses and the applicable sentence to each of the counts he was pleading guilty. *Id. 10.* Subsequently, the court once more stated to petitioner that the sentence he was facing pursuant to his plea, including the sixty (60) months consecutive for Count Two as to the firearm charged of Criminal No. 04-23. *Id. pp. 16-17.* At all relevant times during the Rule 11, and as agreed upon by the written plea agreement, petitioner Martínez Serrano knew the possible sentence he was to receive was a total of one hundred and forty four (144) months, which he effectively received at the time of imposition of sentence on August 3, 2004. On more than one occasion, petitioner indicated being satisfied with the services provided by his counsel. *Id. pp. 4, 19, 23.*

During the government's presentation of the available evidence to sustain petitioner's plea, the federal prosecutor explained Martínez Serrano had, on June 23 of 2003, agreed with a fellow officer to sell cocaine base capsules and heroin to a confidential informant, and while leaving the location where the drugs were found, knowing that co-defendant was carrying a firearm, asked him for a pistol to be readily available and prompted the co-defendant to pull his pistol out if necessary. This action was recorded on videotape. *Tr. pp. 27-28.* Petitioner had previously acknowledged and reiterated at the plea hearing, that he was provided with all

Carlos A. Martínez Serrano v. United States
Civil No. 07-1576
Report and Recommendation
Page No. 10

discovery, including the audio and video recordings, thus agreeing with the government's version of facts. *Id. p. 30*.

Additionally, the Court of Appeals for the First Circuit, when addressing this claim regarding petitioner's request to withdraw his plea, determined there was an understanding of what was essential to be found guilty of carrying a firearm during and in relation to a drug trafficking offense, as charged in Count Two and as to which Martínez-Serrano pleaded guilty.

A defendant's understanding of the charges is a core concern of a Rule 11 proceedings and under the totality of the circumstances a court may determine if any core violation has occurred. United States v. Martínez-Martínez, 69 F.3d 1215 (1st Cir. 1995).[5]  *See* Marshall v. Lonberger, 459 U.S. 422, 431, 103 S.Ct. 843 (1983)([T]he governing standard as to whether a plea of guilty is voluntary for purposes of the federal Constitution is a question of federal law ... and not a question of fact ....; *see also* Oakes v. United States, 400 F.3d 392 (1st Cir. 2005); United States v. Walker, 160 F.3d 1078, 1095-96 (6th Cir. 1998)[T]he ultimate question whether a plea was voluntary requires a legal conclusion.).

The above discussed events show petitioner Martínez Serrano had full knowledge and understanding as to the elements of the offense to which he was pleading guilty.  Thus, we proceed to discuss the voluntariness of the plea.

**B.  Undue pressure or Coercion - Voluntariness of the Plea.**

Having already discussed petitioner Martínez-Serrano showed adequate and proper knowledge as to the offenses he was charged and as to which he was pleading guilty, we are

---

[5]  Richard Klein, *Due Process Denied: Judicial Coercion in the Plea Bargaining Process*, 32 HOFLR 1349 (2004).

Carlos A. Martínez Serrano v. United States
Civil No. 07-1576
Report and Recommendation
Page No. 11

now to address his claims that he felt coerced by his attorney to enter into a plea. This claim of coercion is predicated on alleged undue pressure, including allowing his wife to talk with petitioner. Martínez-Serrano alleges in his post conviction motion that he has witnesses, including his wife and some inmates, but fails to submit any evidence or a proffer as to their testimonies to support such claim.

A review of the record shows petitioner Martínez-Serrano reiterated his agreement with the guilty plea and understanding of the possible sentence when the amendments to pages 4, 5 and 6 of the plea agreement were initialed by him and prior to sentence were filed with the court on August 3, 2004. It therein contained his initials and also included in handwriting not being satisfied with his counsel. This matter, however, was further addressed by the sentencing court at the time sentence was imposed and as to which Martínez Serrano was personally questioned. The sentencing court initially denied the request made by petitioner Martínez Serrano and defense counsel to withdraw, providing the parties opportunity to state their controversies.

Not every disagreement between lawyer and client is considered enough to trigger a right to new counsel. *See* United States v. Segarra Rivera, 473 F.3d 381, 385 (1st Cir. 2007).[6] In allowing the appeal by Segarra Rivera, who submitted a conflict of interest claim and ineffective assistance in not allowing to withdraw his plea, the claim further substantiated the assertions by timely filing a *pro-se* request, as well as upon having established it was counsel who did not

---

[6] United States v. Mota-Santana, 391 F.3d 42, 47 (1st Cir. 2004) (declining to grant post-conviction relief on purely undeveloped and conclusory accusation that attorney had deceived defendant); United States v. Myers, 294 F.3d 203, 206-208 (1st Cir. 2002) (denying substitute counsel's request when defendant failed to offer the court specifics as to effective services on behalf of the defendant).

heed to his numerous requests to withdraw the plea or place the court on notice of the situation. The Appeals Court found in Segarra Rivera the record provided enough indicia of an actual conflict to make the claim colorable.

The claim of ineffective assistance in the instant case does not rest on any kind of conflict of interest, which would not require a defendant to show prejudice and may have entitled herein petitioner to a hearing. Rather, we are to address an unsupported allegation of coercion, which is belied by the record, and as to which petitioner has failed to submit any evidence in support thereof.

We note the Court of Appeals for the First Circuit has relied on a complete record to deny a claim to withdraw a plea since a defendant who asserts a fact in answer to a judge's question during a change of plea proceeding ought to be bound by that answer. United States v. Alegría, 192 F.3d 179, 186 (1st Cir. 1999).

Thus, we reiterate the colloquy of the Rule 11 hearing discussed above, as well as petitioner Martínez Serrano's statements during the imposition of sentence on August 4, 2004. *Docket No. 65*. At sentencing, the court personally addressed petitioner Martínez Serrano upon noticing the parties had signed and submitted amended pages four, five and six, to the written plea agreement. Petitioner verified his signature on the amended pages, as well as his initials. *Transcript 8-4-2004, p. 2*. Petitioner wrote in Spanish that he was not satisfied with the services of counsel. The colloquy made reference to the fact the parties had to recalculate the recommended sentence so as to fulfill the promise and agreed upon total sentence of one hundred and forty four (144) months. *Id. pp. 4-5*. At the time of sentence, counsel addressed

to the court the fact petitioner did not accept carrying the firearm as being an offense for which he should be punished. *Id. pp. 5-6.*[7] The sentencing court summarized the discussion in that the amended pages did not change the total months of incarceration petitioner would receive, rather it changed the way in which they reached that number of months. *Tr. pp. 7-8.*

Petitioner Martínez Serrano took the opportunity to address the sentencing court at sentencing. He therein clarified he still did not accept the weapons but had realized that federal law was very different. *Id. pp. 8-9.* Finally, petitioner Martínez Serrano was sentenced pursuant to the agreement and consonant with the expectation he may have had as to receiving the one hundred and forty four months (144) of incarceration regarding the three (3) criminal cases to which he pleaded guilty.

Thus, contrary to petitioner's naked assertion in his Section 2255 petition, we have a record of proceedings that belies coercion or any duress claimed.[8] The record establishes the court made a reliable determination as to the voluntariness issue sufficient to satisfy the constitutional rights of a defendant and fulfill the requirements of Rule 11 proceedings. *See* United States v. Ward, – F.3d –, 2008 WL 541626 (1st Cir. 2008).[9] The district court followed adequate safeguards in addressing personally petitioner Martínez-Serrano and allowing him to

---

[7] This comment further substantiates the Court of Appeals' prior determination on Martínez Serrano's direct appeal that he understood the firearm charge, he simply did not think the law should be as it is.

[8] *Cf.* Murchu v. United States, 926 F.2d 50 (1st Cir. 1991), allegations considered not conclusory, contradicted by the record nor inherently incredible for which they should not be ignored for which the Section 2255 request warranted an evidentiary hearing.

[9] Reviewing the adequacy of the record which memorializes the plea proceedings, we are not dealing with a silent or inadequate record, but one which shows affirmatively that due process and Rule 11 proceedings were duly complied. Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709 (1969).

respond regarding whether he then felt threatened or coerced at the time of entering his guilty plea. United States v. Ortiz Torres, 449 F.3d 61, 69 (1st Cir. 2006).

The most prominent single factor to determine if pleas are considered knowing, voluntary, and intelligent, is an examination of the Rule 11 proceedings and any additional, but *de minimis* evidence to support the claim of lack of voluntariness. *See* United States v. Cotal-Crespo, 47 F.3d 1, 3 (1st Cir. 1995). The Court of Appeals for the First Circuit has found no abuse of discretion in disallowing plea withdrawal motions where Rule 11 safeguards were properly followed by a district court. *See* United States v. Sánchez-Barreto, 93 F.3d 17 (1st 1996); United States v. Austin, 948 F.2d 783, 787 (1st Cir. 1991).

Having examined petitioner's claim under the totality of the circumstances, there is an absence of support in regard to his claim of involuntariness of his plea or coercion, for which the Section 2255 lacks merit. Neither has petitioner met the requirements in support of his claim of ineffective assistance of counsel. United States v. Rodríguez León, 402 F.3d 17 (1st Cir. 2005) (considering the factors and reasons prompted to withdraw plea, competency and voluntariness, knowing and intelligent nature of the plea, timing of the request, assertion of legal innocence, among others, dissatisfaction with the length of the sentence did not warrant the relief requested).[10]

---

[10] In Rodríguez León, contrary to the instant case, the age and significant mental limitations of the defendant were also factors considered.

Case 3:07-cv-01576-JAG   Document 12   Filed 04/08/08   Page 15 of 15

Carlos A. Martínez Serrano v. United States
Civil No. 07-1576
Report and Recommendation
Page No. 15

## CONCLUSION

In sum, petitioner Martínez Serrano has not been able to establish that the issues raised in the post-conviction petition would entitle him to relief, as above explained. Accordingly, it is recommended that petitioner's Section 2255 motion for post-conviction relief be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986). *See* Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

San Juan, Puerto Rico, this 8th day of April 2008.

                                        s/ **CAMILLE L. VELEZ-RIVE**
                                        **CAMILLE L. VELEZ-RIVE**
                                        **UNITED STATES MAGISTRATE JUDGE**